**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| **CONTEXT DIRECTIONS LLC,**<br><br>Plaintiff,<br><br>v.<br><br>**EWING BUICK-PLANO, L.P.,**<br><br>Defendant. | **Case No.  2:25-cv-00953** |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Context Directions LLC ("Context Directions" or "Plaintiff") files this Complaint for Patent Infringement against Ewing Buick-Plano, L.P. ("Ewing" or "Defendant"), and alleges as follows:

**I. PARTIES**

1.      Plaintiff is a limited liability company organized and existing under the laws of the State of Delaware with a place of business at 261 West 35th St., Suite 1003, New York, NY 10001

2.      Upon information and belief, Defendant is a limited partnership organized and existing under the laws of the State of Texas with a registered agent Samuel F. Ewing IV, 6455 Dallas Parkway, Plano, Texas 75024. Defendant also maintains a place of business in this judicial District at 6455 Dallas Parkway, Plano, Texas 75024.

**II. JURISDICTION AND VENUE**

3.      This action arises under the patent laws of the United States, Title 35 of the United States Code.  This Court has subject matter jurisdiction of such action under 28 U.S.C. §§ 1331 and 1338(a).

4.      On information and belief, Defendant is subject to this Court's specific and general personal jurisdiction, pursuant to due process and the Texas Long-Arm Statute, due at least to its

business in this forum, including at least a portion of the infringements alleged herein at 6455 Dallas Parkway, Plano, Texas 75024, 1555 Dallas Parkway, Plano, Texas 75093, and 6425 Dallas Pkwy, Plano, Texas 75024.

5.      Without limitation, on information and belief, within this State, Defendant has used, sold, and offered for sale Accused Products (as defined herein) that are covered by the patented inventions of the patents in suit, thereby committing, and continuing to commit, acts of patent infringement alleged herein.  In addition, on information and belief, Defendant has derived revenues from its infringing acts occurring within Texas.  Further, on information and belief, Defendant is subject to the Court's general jurisdiction, including from regularly doing or soliciting business, engaging in other persistent courses of conduct, and deriving substantial revenue from goods and services provided to persons or entities in Texas.  Further, on information and belief, Defendant is subject to the Court's personal jurisdiction at least due to its sale of products and/or services within Texas.  Defendant has committed such purposeful acts and/or transactions in Texas such that it reasonably should know and expect that it could be haled into this Court as a consequence of such activity.

6.      Venue is proper in this district under 28 U.S.C. § 1400(b). On information and belief, Defendant has businesses in this district at 6455 Dallas Parkway, Plano, Texas 75024, 1555 Dallas Parkway, Plano, Texas 75093, and 6425 Dallas Pkwy, Plano, Texas 75024.  On information and belief, from and within this District, Defendant has committed at least a portion of the infringements at issue in this case.

7.      For these reasons, personal jurisdiction exists and venue is proper in this District under 28 U.S.C. § 1400(b).

### III.  COUNT I
### (PATENT INFRINGEMENT OF UNITED STATES PATENT NO. 9,807,564)

8.     Plaintiff incorporates the above paragraphs herein by reference.

9.     On October 31, 2017, United States Patent No. 9,807,564 ("the '564 Patent") was duly and legally issued by the United States Patent and Trademark Office.  The '564 Patent is titled "Method for Detecting Context of a Mobile Device and a Mobile Device with a Context Detection Module."  A true and correct copy of the '564 Patent is attached hereto as Exhibit A and incorporated herein by reference.

10.     Context Directions is the assignee of all right, title, and interest in the '564 Patent, including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the '564 Patent.  Accordingly, Context Directions possesses the exclusive right and standing to prosecute the present action for infringement of the '564 Patent by Defendant.

11.     The claimed invention of the '564 Patent relates to the field of detecting context of a mobile device and to a mobile device having context detection modules. At the time of the original invention there was a problem of how a mobile device was able to use sensors to detect the current environment, activity, and circumstances of the user. With these sensors, and automatic use of the sensors, the claimed method of the '564 Patent allows for safer operation of the mobile device based on detecting context.

12.     The prior art methods included detecting the approximate position of a device on the basis of the signals of cell phone towers, however, this prior method required a delay in detection and accepting false positives in detecting the proper context. Another method was to analyze the speed of the device using GPS, however this required large amounts of power, reducing

operating time of the mobile device, or reducing the amount of detecting the device could perform (to maintain its power capacity).

13.     The inventors recognized the above technical problems and the utility in creating an energy efficient and timely context detection method that enables the mobile device to be more efficient.

14.     **Infringement**. Ewing has been and continues to directly infringe at least claims 1 and 23 of the '564 Patent in this District and elsewhere in the United States by selling, using, and/or offering for sale in the United States, without authorization, at least the following used vehicles: 2018 Audi A5 2.0T Premium, 2019 Audi Q7 55 Premium, 2022 Audi S5 Sportback Premium, 2022 Audi Q8 55 Prestige, 2022 Audi Q7 55 Premium Plus, 2021 Corolla LE, 2023 Toyota Tundra,  2024 Toyota Tundra Hybrid, 2024 Toyota i-Force Max, 2024 Toyota Corolla LE, 2022 Lexus IS 350 F SPORT,  2023 Lexus IS 300, 2023 Lexus RZ 450e Premium, 2023 Lexus GX 460, 2024 Lexus GX 550 Premium, and 2024 Lexus ES 300h Ultra Luxury vehicles (collectively "Accused Products" or "Accused Instrumentalities").  For example, as shown in the attached claim charts (Exhibit B-D), the sale, use, or offer of sale of the Accused Products infringe at least Claims 1 and 23 of '564 Patent.

15.     Defendant performs and induces others to perform a method for detecting a context of a mobile device equipped with a plurality of sensors. For example, Defendant provided and provides the Accused Instrumentalities ("mobile device"). Each of the Accused Instrumentalities comprises sensors including but not limited to camera, radar sensor, steering sensor, braking sensor, and speed sensor ("plurality of sensors"). For example, each of the Accused Instrumentalities comprises software modules as a part of the operating system executing in the Accused Instrumentality that controls the camera sensor, radar sensor, steering sensor, braking

sensor, and speed sensor. The software module monitors the environment to capture and process images and control the vehicle. The camera and radar determine the position of the vehicle with respect to the surrounding vehicles ("detecting a context") by determining at least a distance from the surrounding vehicles. The steering, braking and speed sensors help in controlling the vehicle by steering the vehicle, applying brakes, and controlling the speed of the vehicle (that depict the position of the vehicle relative to the surrounding environment such as the road and the surrounding vehicles) ("detecting a context").

16.    Defendant performs and induces others to perform a step of assigning the plurality of sensors.  For example, Defendant provides each of the Accused Instrumentalities ("mobile device"). Each Accused Instrumentality comprises sensors including but not limited to camera, radar sensor, steering sensor, braking sensor, and speed sensor ("plurality of sensors") such that each sensor forms a part of separate sensor groups for different functioning ("plurality of sensor groups"). As an example, the steering sensor, braking sensor and speed sensor are assigned to Group 1. The camera and radar are assigned to Group 2 ("plurality of sensor groups").

17.    Defendant performs and induces others to perform a step of arranging the sensor groups according to a hierarchy. For example, Defendant provides each of the Accused Instrumentalities ("mobile device"). Each Accused Instrumentality comprises sensors including but not limited to camera, radar sensor, steering sensor, braking sensor, and speed sensor ("plurality of sensors") such that each sensor forms a part of separate sensor group for different functioning ("plurality of sensor groups"). As an example, the steering sensor, braking sensor and speed sensor are assigned to Group 1. The camera and radar are assigned to Group 2. Each Accused Instrumentality provides safety sensors that comprise features including but not limited to a pre-collision system with pedestrian detection, dynamic radar cruise control, lane departure alert with steering assist, and lane tracing assist. For example, each Accused Instrumentality performs the

following steps to control movement of the vehicle. The steering sensor, braking sensor and speed sensor are activated first to measure and control at least the moving vehicle's speed, braking and steering. Once the vehicle is moving, the camera and radar are activated to monitor the objects (including but not limited to vehicles, roads, trees) surrounding the Accused Instrumentality. If the Accused Instrumentality detects, using the camera and radar, that there are objects/vehicles near the Accused Instrumentality, the speed sensor increases and/or decreases the speed of the vehicle to avoid collisions. Further, the steering sensor steers the vehicle left and/or right to avoid any surrounding objects and to automatically change lanes and/or to keep the vehicle within the lane. Therefore, Groups 1 and 2 are arranged according to a hierarchy since Group 1 comprising the steering sensor, braking sensor and speed sensor is activated first and Group 2 comprising the camera and radar is activated second.

18.    Defendant performs and induces others to perform a step of activating a classification by a classifier assigned to a second sensor group after a result of a classification by a classifier assigned to a first sensor group, wherein the second sensor group is at a higher level in the hierarchy than the first sensor group. For example, a software module 2 ("a classifier assigned to a second sensor group") for Group 2 ("second sensor group") comprising camera and radar is executed ("activate a classification") to take distance measurements of the surrounding objects and determine the position of the vehicle relative to the surrounding objects ("context of the mobile device") after a software module 1 for Group 1 comprising the steering, braking and speed sensor is executed ("after a result of the classification by the classifier assigned to the first sensor group"). It is apparent for a person skilled in the art that in order to detect the objects surrounding a moving vehicle, the steering, braking and speed sensors will be activated first so that the vehicle is in a moving state and to allow monitoring of the vehicle's speed, braking and steering. Next, the camera

6

and radar are activated such that the movement of the vehicle is controlled based on the information (regarding any surrounding objects) received from the camera and radar.

19.     Defendant performs and induces others to perform a step of adapting a configuration of the classifier assigned to the first sensor group based, at least in part, on a result of the classification by the classifier assigned to the second sensor group. For example, the configuration (including but not limited to the software variables used in the software module) of the software module 1 ("classifier assigned to first sensor group") assigned to steering, braking and speed sensors is adapted/modified based on the software module 2 ("classifier assigned to the second sensor group") assigned to the camera and radar. The camera processes and the radar detects and calculates the distance of the objects surrounding the moving vehicle. The information collected from the camera and radar teaches the steering sensor, braking sensor, speed sensor and the classifier assigned to first sensor group to control the motion of the moving car. For example, as a part of safety sensors, upon detection of any hazard or car nearby, the camera and radar teach the steering sensor and the corresponding classifier to automatically change lanes and/or adjust the vehicle's position within the lane. The camera and radar, as a part of dynamic radar cruise control feature, teach the speed sensor, the brake sensor and the corresponding classifier to increase and/or decrease the vehicle speed to maintain the necessary distance from the vehicle in front of the Accused Instrumentality.

20.     Moreover, Defendant's acts of direct and indirect infringement of the '564 Patent occurred with Defendant's full knowledge that their selling and offering for sale of the Accused Products constitutes infringement of the '564 Patent. In particular, on or about October 31, 2023, Plaintiff provided written notice to Defendant regarding its infringement of the '564 Patent. Defendant was thus made aware of the '564 Patent and the fact that Defendant was using, selling, and/or offering for sale an infringing product, but since then has continued to sell and/or offer for

sale the Accused Products. Defendant continues to advertise the Accused Products and the infringing aspects of the Accused Products to customers to explain their features and use. Defendant's infringement thus has been willful, subjecting it to treble damages in accordance with 35 U.S.C. § 284 as well as an award to Context Directions of its attorneys' fees in accordance with 35 U.S.C. § 285.

21.    Context Directions is entitled to recover damages adequate to compensate it for such infringement in an amount no less than a reasonable royalty under 35 U.S.C. § 284.

22.    Context Directions will continue to be injured, and thereby caused irreparable harm, unless and until this Court enters an injunction prohibiting further infringement.

## IV.   COUNT II
## (PATENT INFRINGEMENT OF UNITED STATES PATENT NO. 10,142,791)

23.    Plaintiff incorporates the above paragraphs herein by reference.

24.    On October 31, 2017, United States Patent No. 10,142,791 ("the '791 Patent") was duly and legally issued by the United States Patent and Trademark Office.  The '791 Patent is titled "Method and System for Context Awareness of a Mobile Device."  A true and correct copy of the '791 Patent is attached hereto as Exhibit E and incorporated herein by reference.

25.    Context Directions is the assignee of all right, title, and interest in the '791 Patent, including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the '791 Patent.  Accordingly, Context Directions possesses the exclusive right and standing to prosecute the present action for infringement of the '791 Patent by Defendant.

26.    The '791 Patent shares the identical specification as the '564 patent and therefore Context Directions incorporates the background and discussion in Paragraphs 11-13.

27.    **Infringement**. Ewing has been and continues to directly infringe at least claim 1 of the '791 Patent in this District and elsewhere in the United States by selling, using, and/or offering for sale in the United States, without authorization, at least the following used vehicles: 2018 Audi A5 2.0T Premium, 2019 Audi Q7 55 Premium, 2022 Audi S5 Sportback Premium, 2022 Audi Q8 55 Prestige, 2022 Audi Q7 55 Premium Plus, 2021 Corolla LE, 2023 Toyota Tundra,  2024 Toyota Tundra Hybrid, 2024 Toyota i-Force Max, 2024 Toyota Corolla LE, 2022 Lexus IS 350 F SPORT, 2023 Lexus IS 300, 2023 Lexus RZ 450e Premium, 2023 Lexus GX 460, 2024 Lexus GX 550 Premium, 2024 Lexus ES 300h Ultra Luxury vehicles (collectively "'791 Patent Accused Products" or the '791 Patent Accused Instrumentalities").  For example, as shown in the attached claim charts (Exhibit F-H), the use, sale, and offer of sale of the '791 Patent Accused Products infringes at least claim 1 of the '791 patent.

28.    Moreover, Defendant's acts of direct and indirect infringement of the '791 Patent occurred with Defendant's full knowledge that their selling and offering for sale the '791 Patent Accused Products constitutes infringement of the '791 Patent. In particular, on or about October 31, 2023, Plaintiff provided written notice to Defendant regarding its infringement of the '791 Patent. Defendant was thus made aware of the '791 Patent and the fact that Defendant was selling and/or offering for sale an infringing product, but since then has continued to sell and/or offer for sale the '791 Patent Accused Products. Defendant's infringement thus has been willful, subjecting it to treble damages in accordance with 35 U.S.C. § 284 as well as an award to Context Directions of its attorneys' fees in accordance with 35 U.S.C. § 285.

29.    Context Directions is entitled to recover damages adequate to compensate it for such infringement in an amount no less than a reasonable royalty under 35 U.S.C. § 284.

30.      Context Directions will continue to be injured, and thereby caused irreparable harm,

unless and until this Court enters an injunction prohibiting further infringement.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests the Court enter judgment against

Defendant, granting the following relief:

a.      Judgment that one or more claims of United States Patent No. 9,807,564 have been infringed, either literally and/or under the doctrine of equivalents, by Defendant;

b.      Judgment that one or more claims of United States Patent No. 10,142,791 have been infringed, either literally and/or under the doctrine of equivalents, by Defendant;

c.      Judgment that Defendant account for and pay to Plaintiff all damages to and costs incurred by Plaintiff because of Defendant's infringing activities and other conduct complained of herein;

d.      As a consequence of Defendant's willful infringement, trebling the foregoing damages award in accordance with 35 U.S.C. § 284;

e.      An award of attorneys' fees to Plaintiff pursuant to 35 U.S.C. § 285 or as otherwise permitted by law.

f.      That Defendant be permanently enjoined from any further activity or conduct that infringes.

g.      That Plaintiff be granted pre-judgment and post-judgment interest on the damages caused by Defendant's infringing activities and other conduct complained of herein;

h.      That Plaintiff be granted such other and further relief as the Court may deem just and proper under the circumstances.

## V.  **JURY DEMAND**

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of

any issues so triable by right.

Dated: September 16, 2025

Respectfully submitted,

*/s/Steven G. Kalberg*
David R. Bennett (IL Bar No. 6244214)
Steven G. Kalberg (IL Bar No. 6336131
*(Admitted to U.S. District Court for the*
*Eastern District of Texas)*
DIRECTION IP LAW
P.O Box 14184
Chicago, IL 60614-0184
Telephone: (312) 291-1667
Email: dbennett@directionip.com


**ATTORNEY FOR PLAINTIFF**
**CONTEXT DIRECTIONS LLC**